# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

R.M.M.,[1]

                            Plaintiff,                         Case No. 24-1182-DDC

v.

FRANK BISIGNANO,[2]
Commissioner of the Social Security
Administration,

                            Defendant.

## MEMORANDUM AND ORDER

Plaintiff R.M.M. filed this lawsuit seeking judicial review of an adverse benefits decision by the defendant, the Commissioner of the Social Security Administration.  Doc. 1.  On the Commissioner's motion, Doc. 15, the court reversed the agency's decision under sentence four of 42 U.S.C. § 405(g) and remanded the case, Doc. 16.  Plaintiff has now filed an Unopposed Motion for Attorney Fees (Doc. 18).

Under the "EAJA, a fee award is required if:  (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  For EAJA purposes, a claimant that

---

[1]    As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2]    Frank Bisignano was confirmed as the Commissioner of the Social Security Administration in 2025.  The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d).  Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

secures a sentence-four remand order from a federal district court under 42 U.S.C. § 405(g) is deemed a prevailing party. *Id.* at 1168 ("In this social security case, plaintiff obtained a district court remand to the Commissioner of Social Security under the fourth sentence in 42 U.S.C. § 405(g), and she is therefore a prevailing party for purposes of EAJA."). Plaintiff here received such a remand and thus satisfies the first EAJA fee award element. *See* Doc. 16; *see also Hwang v. O'Malley*, No. 23-cv-124 DBP, 2024 WL 5041115, at *1 (D. Utah Dec. 9, 2024) (finding plaintiff a prevailing party where Commissioner "moved via stipulation to remand to the Social Security Administration for further proceedings"). On the second element, "the Commissioner had the burden of proof to show that [his] position was substantially justified." *Hackett*, 475 F.3d at 1172. The Commissioner has not opposed plaintiff's motion, *see* Doc. 18 at 1, so the court considers this second element satisfied. Finally, the court can't detect any special circumstances creating an unjust fee award, nor does the Commissioner argue any such circumstances exist. With all three elements satisfied, the court concludes that it must award EAJA attorney fees.

Once "the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008). Here, the Commissioner hasn't opposed plaintiff's requested fees. Doc. 18 at 1. The court thus finds plaintiff's fee request—$5,742.40—reasonable.[3]

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt

---

[3]    Plaintiff's counsel represents that plaintiff has assigned his EAJA fees to counsel. Doc. 18 at 1 n.1; Doc. 18-1. Plaintiff's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party." *Winslow v. Astrue*, 269 F. App'x 838, 839 (10th Cir. 2008).

the litigant may owe to the United States.  In addition, if plaintiff's counsel ultimately receives

an award of attorney fees under 42 U.S.C. § 406(b), counsel must refund the smaller award to

plaintiff as established in *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** under 28 U.S.C. § 2412,

plaintiff is granted attorney fees under the EAJA in the amount of $5,742.40.  The check for

attorney fees should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS FURTHER ORDERED THAT** plaintiff's Unopposed Motion for Attorney Fees

(Doc. 18) is granted.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2026, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[4]    Whether plaintiff's counsel ultimately is entitled to these funds "depends upon the private contractual arrangements between the attorney and the client." *Winslow*, 269 F. App'x at 839 n.2 (quotation cleaned up). "This private contractual arrangement is a collateral matter" that the court needn't address. *Id.*